United States District Court
For the Northern District of California

1
2
3
4
5
6
7              IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                SAN FRANCISCO DIVISION
10
11
12   MICHAEL T. O'BRIEN, et al.,        No. C 12-0135 RS

13          Plaintiffs,
       v.                    **ORDER RE JURISDICTIONAL ISSUE**

14   AURORA LOAN SERVICES, LLC, et al.,

15
16         Defendants.
   _____/

17       Defendants removed this action from Contra Costa County Superior Court, asserting

18  diversity of citizenship.  There is no dispute, however, that defendant Cal-Western Reconveyance

19  Corporation is a citizen of California, and that therefore removal jurisdiction would be lacking

20  unless it was fraudulently joined or its presence in this litigation otherwise can be disregarded.  Even

21  in the absence of a motion to remand, the Court has an obligation to ensure that subject matter

22  jurisdiction exists prior to reaching any issue going to the merits.  *See Valdez v. Allstate Ins. Co.*,

23  372 F.3d 1115, 1116 (9th Cir. 2004).

24       Assertions like those made by Aurora here as to why Cal-Western does not defeat diversity

25  have been rejected in other similar cases.  *See*, *e.g. Albert v. Wells Fargo Bank, N.A.* 2012 WL

26  1213718 (N.D.Cal., April 11, 2012); *Garnett v. Aurora Loan Services, LLC*, 2012 WL 1440920

27  (C.D.Cal., April 25, 2012).  The party asserting the fraudulent joinder bears the burden of proof, and

28  remand must be granted unless the defendant can show that there is no possibility that the plaintiff

could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.,* 41 F.Supp.2d 1077, 1078 (C.D.Cal.1999). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal quotations omitted). "Courts should resolve doubts as to removability in favor of remanding the case to state court." *Id.*

In light of this issue, the hearing on the pending motion to dismiss and cross-motions for summary judgment is vacated. No later than June 1, 2012, defendants shall file a supplemental brief, not to exceed 15 pages, addressing the question of whether this action should be remanded to state court for lack of removal jurisdiction. Plaintiffs may file a response, also not to exceed 15 pages, no later than June 8, 2012. The matter will then be taken under submission. In the event the case is not remanded, the motions to dismiss and for summary judgment will then either be reset for hearing or decided without oral argument, as may appear appropriate at that juncture.

IT IS SO ORDERED.

Dated: 5/23/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California