Pages 1 - 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE NANDOR J. VADAS, MAGISTRATE JUDGE

```
ROBERT JACOBSEN, et al.,     )
                             )
            Plaintiffs,      )
                             )
    v.                       )   NO. 3:12-cv-00135-RS
                             )
AURORA LOAN SERVICES, LLC,   )
a Delaware Limited Liability )
Company, et al.,             )
                             )
            Defendants.      )   San Francisco, California
_____)   Friday, May 5, 2017
```

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING OF PROCEEDINGS**

FTR 5:12 p.m. - 5:20 p.m. =  8 minutes

**APPEARANCES**:

For Plaintiffs:         Yesk Law
                        70 Doray Street, Suite 16
                        Pleasant Hill, California  94523
                    BY: **MICHAEL JAMES YESK, ESQ.**

For Defendants:         Akerman, Senterfit, LLP
                        725 South Figueroa Street, 38th floor
                        Los Angeles, California  90017
                    BY: **JUSTIN D. BALSER, ESQ.**

ALSO PRESENT:  Robert Jacobsen, Michael O'Brien and Edward Hyne.

Transcribed by:         Leo T. Mankiewicz, Transcriber
                        leomank@gmail.com
                        (415) 722-7045

```
 1   Friday, May 5, 2017
 2                                                        5:17 p.m.
 3                   P R O C E E D I N G S
 4           THE COURT:  Calling the matter of Jacobsen versus
 5   Aurora Loan Services, 12-0135-RS-NJV.  Will the parties state
 6   their appearances for the record?
 7           MR. YESK:  Michael Yesk for the plaintiffs.
 8           MR. BALSER:  Justin Balser for defendant Aurora Loan
 9   Services.
10           THE COURT:  My understanding is the parties have
11   reached an agreement and a resolution of the matter, is that
12   correct?
13           MR. YESK:  That is correct, your Honor.
14           MR. BALSER:  That is correct.
15           THE COURT:  All right.  If Mr. Balser would state
16   the general terms of the agreement on the record.
17           MR. BALSER:  The parties have agreed to resolve this
18   matter on the following terms, which will be memorialized in a
19   settlement agreement to be prepared by my office and delivered
20   to Mr. Yesk within five business days of today.
21           Mr. Yesk's client, Mr. Jacobsen, shall prepare a
22   draft of a quitclaim deed that will quitclaim the property from
23   1040 Pine Lane Land Trust to NationStar Mortgage, LLC, and that
24   shall be delivered to my attention, via e-mail, within 48 hours
25   of today.
```

1  **MR. YESK:**  Can those be business hours?  It is
2  Friday afternoon.
3  **THE COURT:**  Make it by Tuesday afternoon.
4  **MR. YESK:**  That will be fine, your Honor.
5  **MR. BALSER:**  By Tuesday -- the following Tuesday by
6  5:00 p.m.
7  **MR. YESK:**  That will be great.
8  **MR. BALSER:**  My office shall confirm with NationStar
9  Mortgage that the quitclaim deed as prepared by Mr. Jacobsen on
10 behalf of the trust is in acceptable format, and within five
11 calendar days of confirmation via e-mail from my office that
12 that quitclaim deed is, in fact, in approved form,
13 Mr. Jacobsen, through Mr. Yesk, shall deliver an original
14 signed copy -- original signed quitclaim deed by overnight mail
15 to my office at 1900 16th Street, Suite 1700, Denver, Colorado,
16 80202.  My office shall hold that document until the other
17 terms of the settlement are finalized.
18 The parties have agreed to allow Mr. O'Brien and
19 Mr. Yesk to view the original promissory note underlying this
20 matter in Ackerman's Los Angeles office located at 725 South
21 Figueroa Street, 38th floor, Los Angeles, California 90017
22 within 14 days of today.
23 Myself or my designee from our law firm shall be
24 present with Mr. Yesk and Mr. O'Brien, and those shall be the
25 only parties who will be in the room viewing the original note.

1           Upon confirmation in writing from Mr. Yesk that
2  Mr. O'Brien confirms his signature appears on the note, that
3  shall trigger the obligation for NationStar to provide a
4  settlement check in the amount of $25,000 even to Mr. Yesk's
5  office.
6           Mr. Yesk, is this coming to your name to your trust
7  account?
8           **MR. YESK:**  Yes, sir, that's fine.
9           **MR. BALSER:**  The check shall be made to Mr. Yesk's
10 trust account, with the exact name to be provided in the
11 settlement agreement, and shall be delivered upon receipt of a
12 W-9 form from Mr. Yesk.
13          The parties will agree in the settlement agreement
14 that Mr. O'Brien and Mr. Jacobsen shall have no -- shall
15 relinquish all right, title and interest in the property on
16 Pine Lane which underlies this action and shall do so on behalf
17 of themselves individually and on behalf of any affiliated
18 entities, and that upon completion of all the steps required by
19 Mr. Jacobsen concerning the quitclaim deed as well as the
20 viewing of the note, the parties agree to file a stipulation of
21 dismissal of the entire action with prejudice -- 48 hours after
22 receipt of the settlement check?
23          **MR. YESK:**  Yes.
24          **MR. BALSER:**  -- within 48 hours of receipt of the
25 settlement check by Mr. Yesk's office.

1           The settlement agreement shall include releases of
2  Aurora Loan Services, NationStar Mortgage, LLC, and the trust
3  of which U.S. Bank, a National Association, is the trustee, and
4  shall include other standard terms of settlement in a
5  settlement agreement to be prepared by my office.
6           **THE COURT:**  All right, and each party shall bear
7  their own attorneys' fees and costs.
8           Mr. Jacobsen, you've heard the terms of the
9  settlement --
10          **MR. YESK:**  Can we hold on -- I'm sorry, your
11 Honor -- for one second?  Can we go off the record for one
12 second?  Because I just -- there's just a procedural issue that
13 Mr. Jacobsen just brought to my attention.
14          **THE COURT:**  I don't know if we have to go off the
15 record.  What is it?
16          **MR. YESK:**  Mr. Jacobsen has to have court approval
17 to sign any transfer of property deeds.  So he would
18 immediately take those steps necessary to get that to happen,
19 but it can't --
20          **THE COURT:**  That's in front of --
21          **MR. YESK:**  -- it simply can't be signed --
22          **THE COURT:**  That's in front of Judge Seeborg, who's
23 also the presiding judge on this case.
24          **MR. YESK:**  Yes.
25          **THE COURT:**  I don't see a problem with that.

1        **MR. YESK:**  Okay.
2        **MR. BALSER:**  Well, then I would ask that -- my only
3    concern is that that's going to -- is that going to prevent him
4    from preparing the quitclaim deed?
5        **MR. YESK:**  No, in fact, I would think the opposite.
6    I would think he would have to prepare it and have it as to
7    show, right, here's what I propose I'm going to sign, right?
8    And then he'll get approval, one would presume.
9            I mean, I don't see any point -- well, first of all,
10   it's not optional, it's mandatory, and second of all, I don't
11   see any particular reason why the court would have any
12   objection, with all the parties in the related --
13       **THE COURT:**  This Court will speak to Judge Seeborg's
14   chambers on Monday, and make sure there's no issue with that.
15       **MR. YESK:**  Wonderful.
16       **MR. BALSER:**  And just to be clear on the record,
17   though, that NationStar's obligation to make any payment shall
18   be also conditioned upon approval by Judge Seeborg of the
19   transfer of this property --
20       **MR. YESK:**  Absolutely.
21       **MR. BALSER:**  -- from the trust, the Pine Lane Trust,
22   to NationStar.
23       **THE COURT:**  All right.
24       **MR. YESK:**  Yeah.  It applies to anything
25   Mr. Jacobsen has to sign.  Okay?

```
 1            MR. BALSER:  And of course, all those requirements
 2   for court approval would -- NationStar's obligation in this
 3   agreement are all conditioned upon --
 4            MR. YESK:  Correct.
 5            MR. BALSER:  -- the court approving every single
 6   step of this settlement.
 7            MR. YESK:  Absolutely.
 8            THE COURT:  Fine.  Any other further additions to
 9   the overall settlement agreement?
10            MR. YESK:  No, your Honor.
11            THE COURT:  All right, Mr. Jacobsen, you've heard
12   the terms and conditions of the settlement.  Do you agree to be
13   bound by them?
14            MR. JACOBSEN:  Yes.
15            THE COURT:  Mr. O'Brien, you've heard the terms and
16   conditions of the settlement.  Do you agree to be bound by
17   them?
18            MR. O'BRIEN:  I do, your Honor.
19            THE COURT:  Mr. Yesk, do you concur in that?
20            MR. YESK:  I do.
21            THE COURT:  Mr. -- Hyne?
22            MR. HYNE:  Yes.
23            THE COURT:  You are representative of NationStar
24   Mortgage.  Do you have authority to enter into this settlement?
25            MR. HYNE:  Yes.
```

1    **THE COURT:** Do you agree to the terms of this
2  settlement?
3    **MR. HYNE:** Yes.
4    **THE COURT:** And Mr. Balser, do you concur in this
5  settlement?
6    **MR. BALSER:** I do, your Honor.
7    **THE COURT:** All right.  The parties have reached a
8  full and total settlement of the matter, subject, of course, to
9  the final settlement agreement and documents to be exchanged as
10 previously discussed.
11        I thank everybody for working on this.  It's been a
12 difficult case for both sides to resolve.  The Court is very
13 appreciative.  I will let Judge Seeborg know it's been
14 resolved, and I will also let Judge Seeborg's chambers know
15 that as part of this settlement, Mr. Jacobsen will need to
16 execute certain documents in order to finalize the settlement.
17        Anything further, gentlemen?
18    **MR. YESK:** Nothing further.
19    **THE COURT:** Everybody have a safe trip home.
20    **MR. BALSER:** Thank you.
21    **THE COURT:** All right.
22                                                    5:20 p.m.
23                          ---o0o---
24
25

**CERTIFICATE OF TRANSCRIBER**

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____ 08/09/2017

Signature of Transcriber          Date